UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANE DOE,

        Plaintiff,

    v.

CITY OF BERKELEY, et al.,

        Defendants.

Case No.  26-cv-02030-EMC

**ORDER GRANTING TEMPORARY RESTRAINING ORDER AND SETTING PRELIMINARY INJUNCTION BRIEFING SCHEDULE**

Docket No. 3

Plaintiff Jane Doe is a disabled resident of the Harrison Encampment in Berkeley, California, and a Berkeley Homeless Union ("BHU") member.  Dkts. 1, 3.  She uses her vehicle as her primary shelter.  *Id.*  Plaintiff submitted disability accommodation requests to the City of Berkeley through the advocacy organization Where Do We Go Berkeley.  *Id.*  However, Plaintiff's accommodation requests were not among those submitted by BHU on behalf of the 16 individuals whose claims formed the basis of this Court's April 3, 2026 preliminary injunction in the related action *Berkeley Homeless Union v. City of Berkeley* ("*BHU*"), No. 25-cv-01414-EMC. Accordingly, the question of whether Plaintiff is independently entitled to equivalent injunctive relief under the Americans with Disabilities Act ("ADA") remains to be resolved in this proceeding.

On March 10, 2026, Plaintiff filed a joint motion for temporary restraining order ("TRO") and preliminary injunction.  That same day, the Court directed Defendants in this action to comply with the Court's TRO in the related action *Prado v. City of Berkeley*, No. 23-cv-04537-EMC, which prohibited the City from proceeding with summary impoundment and destruction of vehicles in the Harrison Encampment abatement zone.  *See* Dkt. 9.  The Court's order invited

Defendants to move to vacate the order. *See id.* ("If the City wishes the Court to vacate this order, it may file a motion on shortened time."). Defendants have not so moved.

With respect to the *Winter* factors, the Court finds that Plaintiff has demonstrated a likelihood of irreparable harm. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff is a disabled individual who relies on her vehicle for shelter. Dkts. 1, 3. The potential impoundment or destruction of her vehicle would deprive her of protection from the elements. As this Court previously noted, with respect to the balance of equities and public interest balancing, those factors lie in relative equipoise because of the significant public health crisis impacting the Harrison Encampment. No. 25-cv-01414-EMC, Dkt. 289. The dispositive factor is the Court's assessment of likelihood of success on the merits. *See Winter*, 555 U.S. at 20; *Meinecke v. City of Seattle*, 99 F.4th 514, 521 (9th Cir. 2024) (likelihood of success on the merits "is the most important factor in the preliminary injunction analysis").

The Court finds that Plaintiff has demonstrated likelihood of success on the merits. Irrespective of her ADA claim, which remains pending, she has demonstrated likelihood of success on the merits with respect to the constitutional vehicle seizure and state-created danger claims. The Court's analysis of substantially identical claims arising from the same Encampment and the same City conduct toward vehicles used as shelter in the *BHU* litigation supports this conclusion. *See BHU*, No. 25-cv-01414-EMC, Dkts. 288–89.

For the foregoing reasons, Plaintiff's request for a TRO is **GRANTED**. The City is enjoined from impounding or destroying Plaintiff's vehicle without a specific, fact-based determination that the vehicle poses a concrete, individualized health or safety threat, written notice of that finding, a meaningful opportunity to remediate or voluntarily relocate, and consideration and pursuit of less restrictive alternatives. *Id.*

The Court directs briefing on the question of whether a preliminary injunction should issue in this case. Defendants are directed to submit an opposition to Plaintiff's motion for preliminary injunction, if any, no later than April 13, 2026 at 5:00 P.M. Plaintiff may file a reply no later than April 17, 2026 at 5:00 P.M. Oral argument on the preliminary injunction will be held on April 23, 2026 at 1:30 P.M. Parties are directed to address the status of Plaintiff's ADA accommodation

United States District Court
Northern District of California

2

request and the interactive process.  The TRO shall remain in effect through April 23, 2026.  Good cause exists to extend the TRO beyond the default fourteen-day period because the preliminary injunction hearing is scheduled for April 23, 2026.

**IT IS SO ORDERED**.

Dated: April 7, 2026



_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California

3